B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>MacArthur Co. | DEFENDANTS<br>Stephen Joseph Beers<br>Cynthia Lee Beers |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Jean C. Arnold & Joshua T. Keltner, Arnold & Arnold, LLP<br>7691 Shaffer Parkway, Suite A<br>Littleton, CO 80127      720-962-6010 | ATTORNEYS (If Known)<br>Robert J. Doig<br>2985 Broadmoor Valley Rd., Ste. 4<br>Colorado Springs, CO 80906      719-227-8787 |
| PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>⊠ Creditor       □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>⊠ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor       □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determination of Dischargeability of Debt and Object to Dischargeabilty of Creditors' Debt Under 11 USC 523(a) (4) and (6)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Relief**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $31,389.94 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR S<br>Stephen Joseph Beers and Cynthia Lee Beers | BANKRUPTCY CASE NO.<br>15-17425-TBM | |
| DISTRICT IN WHICH CASE IS PENDING<br>Colorado | DIVISION OFFICE | NAME OF JUDGE<br>Thomas B. McNamara |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>10-9-15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jean C. Arnold | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) Case No. 15-17425-TBM |
| STEPHEN JOSEPH BEERS | ) |
| fods BEERS INSULATION INC. | ) Chapter 7 Bankruptcy |
| | ) |
| and | ) |
| | ) |
| CYNTHIA LEE BEERS | ) |
| fods BEERS INSULATION INC. | ) |
| | ) |
| Debtors. | ) |

| | |
|---|---|
| MACARTHUR CO. | ) |
| | ) Adversary Case No. |
| Plaintiff. | ) |
| | ) |
| v. | ) |
| | ) |
| STEPHEN JOSEPH BEERS, individually; | ) |
| CYNTHIA LEE BEERS, individually; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT TO DETERMINE DEBT AND DISCHARGEABILITY OF DEBT AND OBJECTION TO DEBTORS' DISCHARGE

Plaintiff MacArthur Co. (hereinafter referred to as "Plaintiff MacArthur"), pursuant to 11 U.S.C. §523(a)(4), submits the following Complaint to Determine Dischargeability and Objection to Debtors' Discharge of the debt owed to Plaintiff MacArthur as follows:

### STATEMENT OF JURISDICTION

1.     This Court has jurisdiction pursuant to 28 U.S.C. Section 157(b)(2) and 28 U.S.C. Section 1334.

-1-

2.     Plaintiff MacArthur is a creditor and therefore has standing to bring this action pursuant to 11 U.S.C. Section 523.

3.     This is a core proceeding over which this Court has jurisdiction under 28 U.S.C. Section 157(b).

## COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO 11 U.S.C. SECTION 523

### FACTUAL ALLEGATIONS

4.     Plaintiff MacArthur incorporates by this reference the jurisdictional statements and all allegations as set forth above.

5.     Plaintiff MacArthur Co. is a Minnesota Corporation authorized to do business in Colorado with its principal place of business located at 2400 Wycliff Street, St. Paul, Minnesota 55114.

6.     Defendant Stephen Joseph Beers ("Defendant Stephen Beers") was an owner and president of Beers Insulation Inc. in 2013, 2014, and 2015. Transcript of the §341 Meeting of Creditors, August 10, 2015, p. 2, lns. 10-25 and p. 3, lns. 1-10 (attached as "Exhibit A" and hereinafter referred to as "Transcript").

7.     Defendant Cynthia Lee Beers ("Defendant Cynthia Beers") was an owner, office manager, secretary, and vice president of Beers Insulation Inc. in 2013, 2014, and 2015. Transcript, p. 2, lns. 18-25 and p. 3, lns. 1-10.

8.     Defendants Cynthia Beers and Stephen Beers were the only owners and officers of Beers Insulation, Inc. during the time period from January 1, 2013 through the present. Transcript, p. 3, lns. 7-23.

9.     Upon information and belief, Defendants Stephen Beers and Cynthia Beers maintain their principal residence at 6940 Medicine Bow Avenue, Fountain, Colorado 80817.

10.    Plaintiff MacArthur entered into an agreement with Beers Insulation Inc., whereby Beers Insulation Inc. agreed to pay for all materials, supplies and goods provided to or at the request of Beers Insulation Inc. by Plaintiff MacArthur.

11.    In accordance with the agreement between Plaintiff MacArthur and Beers Insulation, Inc., Plaintiff MacArthur provided said materials, supplies and goods to and at the request of Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers.

12.     Upon information and belief, the materials, supplies and goods provided by Plaintiff MacArthur were used by Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers to benefit the properties listed on the attached "Exhibit B" (hereinafter referred to as the "Subject Properties").

13.     Upon information and belief, Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers received monies from the owners of the Subject Properties or project general contractors including amounts for materials, supplies and goods supplied by Plaintiff MacArthur for the Subject Properties.

14.     Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers did not pay Plaintiff MacArthur the amounts owed for materials supplied on the Subject Properties out of the funds received from the owners and general contractors.

15.     Defendants Stephen Beers and Cynthia Beers admitted at the §341 Meeting of Creditors that the monies received from the owners of the Subject Properties were diverted to other projects, that monies "went into a general fund," were used to "fund other jobs," and "pay [other] vendor invoices, material invoices and/or taxes, payroll, etcetera..." rather than being used to pay balances due and owing to Plaintiff MacArthur. Transcript, p. 12, lns. 8-12 and p. 16, lns. 11-17.

## FIRST CLAIM FOR RELIEF

16.     Plaintiff MacArthur incorporates by this reference all allegations as set forth above.

17.     Upon information and belief, Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers deliberately failed to cause funds received by them and Beers Insulation, Inc. from the owners of the Subject Properties and general contractors to be paid to Plaintiff MacArthur for the materials, supplies and goods furnished for the Subject Properties as provided by §38-22-127, C.R.S.

18.     Section 38-22-127, C.R.S. creates an express trust for the benefit of the property owner and materials supplier. In re Western Urethanes, Inc., 61 B.R. 243 (Bnkrptcy D. Colo. 1986). Defendants Stephen Beers and Cynthia Beers acted in a fiduciary capacity with regard to the funds obtained from the owners of the Subject Properties and general contractors on behalf of Plaintiff MacArthur.

19.     Upon information and belief, Defendants Stephen Beers and Cynthia Beers committed defalcation toward Plaintiff MacArthur while acting in a fiduciary capacity. They intentionally withheld funds received from the owners of the Subject Properties and general contractors while acting in a fiduciary capacity.

-3-

20. Defendant Stephen Beers' and Defendant Cynthia Beers' misconduct, while acting in a fiduciary capacity, resulted in damage to Plaintiff MacArthur.

21. As a result of Defendant Stephen Beers' and Defendant Cynthia Beers' defalcation while acting in a fiduciary capacity, the debt owed to Plaintiff MacArthur is non-dischargeable pursuant to the provisions of 11 U.S.C. Section 523(a)(4).

22. Plaintiff MacArthur has been damaged in an amount of not less than $31,389.94 plus interest and attorneys' fees as the result of Defendant Stephen Beers' and Defendant Cynthia Beers' defalcation while acting in a fiduciary capacity.

23. All conditions precedent to the maintenance of this action have been performed or have occurred.

## SECOND CLAIM FOR RELIEF

24. Plaintiff MacArthur incorporates by this reference all allegations as set forth above.

25. The funds paid to Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers in connection with the Subject Properties are trust funds pursuant to §38-22-127, C.R.S.

26. Defendants Stephen Beers and Cynthia Beers are personally liable for the actions of Beers Insulation, Inc. because they were officers and shareholders of Beers Insulation, Inc. and exercised control and directed the use of the trust funds. See Alexander Company v. Packard, 754 P.2d 780 (Colo. App. 1988).

27. Contrary to Colorado Law, Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers intentionally and volitionally withheld the funds to be paid to Plaintiff MacArthur, and Plaintiff MacArthur is entitled to damages to be proven at trial.

28. As a result of Beers Insulation, Inc.'s and Defendants Stephen Beers and Cynthia Beers' failure to pay the funds they received from the owners and general contractors, Defendants Stephen Beers and Cynthia Beers committed defalcation toward the Plaintiff MacArthur while acting in a fiduciary capacity. The debt owed to Plaintiff MacArthur should not be discharged pursuant to 11 U.S.C. Section 523(a)(4)

29. All conditions precedent to the maintenance of this action have been performed or have occurred.

-4-

## THIRD CLAIM FOR RELIEF

30.     Plaintiff MacArthur incorporates by this reference all allegations as set forth above.

31.     The debt owed to Plaintiff MacArthur is not dischargeable in bankruptcy pursuant to 11 U.S.C. Section 523(a)(6).

32.     Section 38-22-127, C.R.S. states: "any person who violates the provisions of (1) and (2) of this section commits theft, as defined in §18-4-401, C.R.S." Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers fraudulently appropriated property that had been entrusted to them for the benefit of Plaintiff MacArthur. In re Wallace, 840 F.2d 762, 765 (10th Cir. 1988).

33.     Beers Insulation, Inc.'s and Defendants Stephen Beers' and Cynthia Beers' failure to pay the funds they received in trust from the owners and general contractors of the Subject Properties for the benefit of Plaintiff MacArthur constitutes conversion.

34.     Conversion constitutes theft under §18-4-401, C.R.S.

35.     Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers intentionally and volitionally withheld the trust funds from Plaintiff MacArthur, knowing that Plaintiff MacArthur would be damaged by their actions.

36.     Plaintiff MacArthur, as a result of Beers Insulation, Inc.'s and Defendants Stephen Beers' and Cynthia Beers' defalcation of fiduciary duty and theft, suffered a willful and malicious injury caused by Beers Insulation, Inc. and Defendants Stephen Beers and Cynthia Beers.

37.     Plaintiff MacArthur is entitled to have this Court determine that the debt owed by Defendants Stephen Beers and Cynthia Beers not be discharged.

38.     The debt owed to Plaintiff MacArthur should not be discharged pursuant to 11 U.S.C. Section 523(a)(6).

39.     All conditions precedent to the maintenance of this action have been performed or have occurred.

WHEREFORE, Plaintiff MacArthur Co. requests:

1.     That this Court determine pursuant to 11 U.S.C. Sections 523(a)(4) and (6) that the debt owed to Plaintiff MacArthur Co., in an amount to be determined at trial, together with interest, and attorneys' fees, is not dischargeable in bankruptcy;

-5-

2.      That judgment enter in Plaintiff MacArthur Co.'s favor and against Defendant Stephen Beers and Cynthia Beers in an amount to be determined at trial together with interest thereon at the highest rate permitted by applicable law;  and

3.      For such other and further relief as this Court deems just and proper.

Dated this 9th day of October, 2015.

                        Respectfully submitted,

                        ARNOLD & ARNOLD, LLP
                        Attorneys at Law

                        By/s/ Jean C. Arnold
                          JEAN C. ARNOLD, #13126
                          JOSHUA T. KELTNER, #44697
                        Attorneys for Plaintiff MacArthur Co.
                        7691 Shaffer Parkway, Suite A
                        Littleton, CO 80127
                        720-962-6010 / Fax: 720-962-6011
                        jeanarnold@arnoldarnold.com

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I served a true and correct copy of the foregoing **Complaint to Determine Debt and Dischargeability of Debt and Objection to Debtors' Discharge** by first class mail or electronically, postage prepaid this 9th day of October, 2015 addressed as follows:

Robert J. Doig
2985 Broadmoor Valley Rd., Ste. 4
Colorado Springs, CO 80906
*Attorney for Debtors*

Stephen Joseph Beers
6940 Medicine Bow Ave.
Fountain, CO 80817-1316
*Debtor*

Cynthia Lee Beers
6940 Medicine Bow Ave.
Fountain, CO 80817-1316
*Debtor*

-6-

Robert B. Cohen
1720 S. Bellaire St., Ste. 205
Denver, CO 80222
*Bankruptcy Trustee*

US Trustee
Byron G. Rogers Federal Building
1961 Stout St., Ste. 12-200
Denver, CO 80294
*U.S. Trustee*

By/s/ Vicki Van Sittert
VICKI VAN SITTERT, Paralegal

-7-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

```
- - - - - - - - - - - - - - x
In Re.                      :      15-17425 TBM
                            :      (Chapter 7)
STEPHEN JOSEPH BEERS and     :
CYNTHIA LEE BEERS,          :
                            :
                 Debtors.   :
- - - - - - - - - - - - - - x
```

## §341 MEETING OF CREDITORS

### PARTIAL TRANSCRIPT
### (CONTAINS PORTION OF QUESTIONING BY JOSHUA T. KELTNER, ESQ.)

U.S. Bankruptcy Court
721 - 19th Street
Denver, Colorado  80202

August 10, 2015

CONDUCTED BY ROBERTSON B. COHEN, CHAPTER 7 TRUSTEE

APPEARANCES:

FOR THE DEBTORS:                ROBERT J. DOIG, ESQ.
                                2985 Broadmoor Valley Road
                                Suite 4
                                Colorado Springs, CO 80906


FOR MacARTHUR CO.:              JOSHUA T. KELTNER, ESQ.
                                7691 Shaffer Parkway, Ste. A
                                Littleton, CO 80127




Proceedings recorded by electronic sound recording,
Transcript provided by Verbatim Digital Reporting, LLC


**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    2

1                    P R O C E E D I N G S
2              (Portion of proceedings as follows:)
3          MR. COHEN:  Mr. Keltner?
4          MR. KELTNER:  Yes.
5          MR. COHEN:  Do you have any questions for the
6     debtor?
7          MR. KELTNER:  I do.  Yes, sir.
8          Good afternoon.  So I have some quick questions
9     about company information about Beers Insulation.
10         What office did or do each of you hold in the
11    company, Beers Insulation?
12         MR. BEERS:  I was president.
13         MR. KELTNER:  President?
14         MR. BEERS:  Um-hum.
15         MR. KELTNER:  And Cynthia, what office did you hold?
16         MS. BEERS:  I wore a number of hats.
17         MR. BEERS:  Um-hum.
18         MS. BEERS:  Office manager, secretary, VP.
19         MR. KELTNER:  All right.  And that was -- was that
20    for the -- how long -- was that for the life of the company?
21    Was that for --
22         MS. BEERS:  Myself?
23         MR. KELTNER:  Yeah, um-hum.
24         MS. BEERS:  No.  Just --
25         MR. BEERS:  The last three --

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    3

1          MS. BEERS:  -- just the last few --

2          MR. BEERS:  -- (inaudible).

3          MS. BEERS:  -- couple years.

4          MR. KELTNER:  The last three years.

5          MR. BEERS:  Couple years.

6          MS. BEERS:  My last job was.

7          MR. KELTNER:  Were there any other officers and

8   directors in the company?

9          MS. BEERS:  No.

10          MR. BEERS:  No.

11          MR. KELTNER:  So, Schedule B shows joint ownership

12   for both of you at 51 percent.  Who owns the other 49

13   percent?

14          MR. BEERS:  The company owns itself.  That was --

15   there was 240 shares.  She had -- how many shares -- 51 shares

16   and I had like 40 shares or something like that.

17          MR. KELTNER:  Okay.  So there's no other owners

18   involved --

19          MR. BEERS:  There is no other owners.

20          MR. KELTNER:  -- in the company?

21          MR. BEERS:  No, it's just me and Cindy.

22          MR. KELTNER:  Does -- does Beers Insulation still

23   have any A/R outstanding; accounts receivable?

24          MR. BEERS:  Yes.

25          MR. KELTNER:  How much, approximately?

VERBATIM DIGITAL REPORTING, LLC ♦ (303) 915-1677

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                                    4

1          MR. BEERS:  80?

2          MS. BEERS:  $85,000 -- I'm not sure -- and change.

3  I don't know the exact amount.  But it's $85,000.

4          MR. KELTNER:  Okay.  Have you sold any accounts

5  receivable or any assets of the company to anybody else?

6          MR. BEERS:  No.

7          MR. KELTNER:  And then what -- what bank or banks --

8  the name of the bank did Beers use for its corporate account

9  in 2013 and then recently?

10          MR. BEERS:  Mountain States was --

11          MS. BEERS:  Mountain View.

12          MR. BEERS:  -- or Mountain View, yeah.  Mountain

13  View is --

14          MS. BEERS:  Mountain View Bank & Trust, I think, is

15  the name.

16          MR. KELTNER:  Did you have any standard provisions

17  for payments between you and your customers when you did work,

18  like a net 30, net 10, something like that?

19          MR. BEERS:  I listed them as net 60.

20          MR. KELTNER:  Net 60.  Okay.

21          MR. BEERS:  That's not what happened, but.

22          MR. KELTNER:  I didn't catch the date that you

23  transferred the vehicles to the accountant or to

24  (indecipherable).  Did you -- do you remember -- no, it was

25  December 14th, sorry.

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                                    5

1          MS. BEERS:  Roughly, yes.

2          MR. KELTNER:  Good.  Were those vehicles used in

3   business ever, the truck, in particular?

4          MR. BEERS:  No.

5          MS. BEERS:  No.

6          MR. KELTNER:  Okay.  Mr. Beers, I show that you're

7   working at C&D.  How long have you been working there?

8          MR. BEERS:  March -- I believe it was March 21st, I

9   was hired.  And I actually started the following Wednesday --

10         MR. KELTNER:  Okay.

11         MR. BEERS:  -- (inaudible).

12         MR. KELTNER:  What's the relationship; are you an

13  employee, independent contractor?

14         MR. BEERS:  Employee.

15         MR. KELTNER:  Employee.  Okay.  And do -- are you

16  the only one that has a relationship with C&D or do you also

17  have one, Cynthia?

18         MR. BEERS:  No, just me.

19         MS. BEERS:  No.

20         MR. KELTNER:  Okay.

21         MR. BEERS:  Cynthia's disabled.

22         MR. KELTNER:  And then were there any assets

23  transferred from Beers to C&D?

24         MR. BEERS:  No.

25         MR. KELTNER:  Okay.  Page 25, which is Schedule F,

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*

6

1   there's a -- the debt to MacArthur, my client, is listed as

2   "H" only.  Cynthia, do you remember executing a promissory

3   note with MacArthur?

4           MS. BEERS:  Um --

5           MR. BEERS:  I can get the (inaudible).

6           MR. KELTNER:  I've got a copy of it here.  I'll let

7   you take a look at that.

8           MS. BEERS:  Is that on the -- when we were talking

9   with that collection agent.

10          MR. BEERS:  Yep.  Well, there it is, yes.

11          MR. KELTNER:  Yeah.  So, I just -- you know, I --

12          MR. BEERS:  I didn't think she did, but.

13          MR. KELTNER:  All right.

14          MR. BEERS:  (Inaudible).

15          MR. KELTNER:  So it's listed as "H" only.  I think

16  if we could correct the filing to show "J" or something along

17  those lines.  It's a joint debt, at least --

18          MR. COHEN:  Well, just so you know, I mean --

19          MR. KELTNER:  Um-hum.

20          MR. COHEN:  -- as long as your Proof of Claim has

21  that in there --

22          MR. KELTNER:  Okay.

23          MR. COHEN:  -- you know, I won't -- it'll get paid

24  out.

25          MR. KELTNER:  Okay.  I'll take a note of that.  All

VERBATIM DIGITAL REPORTING, LLC ♦ (303) 915-1677

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    7

1   right.  So the last questions I've got are just with regard to
2   some specific jobs that you did in 2013, because that's when
3   MacArthur supplied materials.
4          MR. BEERS:  Um-hum.
5          MR. KELTNER:  So I just want to real quick go down
6   each one of these and ask if you've been -- basically, have
7   you been paid or not, and if you worked directly for the owner
8   of the project or a GC.
9          MR. BEERS:  Um-hum.
10         MR. KELTNER:  And if you have not been paid, how
11  much A/R is outstanding --
12         MR. BEERS:  Okay.
13         MR. KELTNER:  -- all right?  Okay.  So, Peterson Air
14  Force Base in Colorado Springs; do you remember that project?
15         MR. BEERS:  We did several out there.
16         MR. KELTNER:  Okay.
17         MR. BEERS:  So I (inaudible) know project name.
18         MR. KELTNER:  Do you have any A/R outstanding for
19  Peterson Air Force Base?
20         MS. BEERS:  I might --
21         MR. KELTNER:  Have they paid you in full for those
22  projects, or?
23         MR. BEERS:  If I knew which projects.  I believe we
24  do still have some A/R.
25         MR. KELTNER:  Do you have a general idea of how

**EXHIBIT A**

Case:15-01401-TBM   Doc#:1   Filed:10/09/15   Entered:10/09/15 16:29:07   Page17 of 30

*In Re Stephen Joseph Beers and Cynthia lee Beers*                                8

```
 1  much?
 2          MS. BEERS:  Just a second, please.
 3          MR. BEERS:  I couldn't break it all down.
 4          MR. KELTNER:  Okay.
 5          MS. BEERS:  This is as of March 20th.
 6          MR. KELTNER:  Did you provide that statement to the
 7  trustee?
 8          MS. BEERS:  January, February, March, April, May.
 9          MR. BEERS:  No, we did not.
10          MR. KELTNER:  Okay.
11          MR. BEERS:  Because we're filing personally, not
12  business-wise.
13          MR. DOIG:  Yeah, it concerns the -- the company
14  rather than the --
15          MR. BEERS:  Um-hum.
16          MR. DOIG:  -- individuals here.
17          MR. KELTNER:  Okay.  So, the company itself is
18  continuing -- so you --
19          MR. BEERS:  No, the continuing -- I believe it was
20  dissolved.
21          MS. BEERS:  In March of --
22          MR. BEERS:  No, it wasn't.  It was -- talking to
23  Carl, they did that in the last month.
24          MS. BEERS:  Oh, okay.  You're right.
25          MR. KELTNER:  Right.  Okay.  So again, just to make
```

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    9

1   sure, you guys were the only officers in the company.

2          MR. BEERS:  Yes.

3          MR. KELTNER:  You have A/R outstanding, but you were

4   paid some of the -- of the A/R --

5          MR. BEERS:  Oh, yeah.

6          MR. KELTNER:  -- on Peterson.  Okay.  How about the

7   Brigade Headquarters of Fort Carson?

8          MR. BEERS:  That's paid.  That's paid.

9          MR. KELTNER:  Paid in full?

10          MR. BEERS:  That's -- yes.

11          MR. KELTNER:  The Big Sandy project in Colorado

12   Springs?

13          MR. BEERS:  Yes, that's paid.

14          MR. KELTNER:  Okay.  St. Thomas More Hospital, Canon

15   City?

16          MR. BEERS:  Paid.

17          MR. KELTNER:  Paid.  Chick Fil A, Colorado Springs.

18          MR. BEERS:  Retention is still due.

19          MR. KELTNER:  Retention is still due.  Do you have

20   any idea how much?

21          MR. BEERS:  Don't know.

22          MR. KELTNER:  Okay.  Springs Church in Colorado

23   Springs.

24          MS. BEERS:  Who is the -- who is the company on

25   the --

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    10

1          MR. BEERS:  HVAC.

2          MS. BEERS:  -- (inaudible)?  And the job was what?

3          MR. KELTNER:  St. Thomas More Hospital.

4          MR. BEERS:  Oh, no, that was -- that's CMI.

5          MS. BEERS:  Oh, CMI?  Okay.

6          MR. BEERS:  And I think (indecipherable) that one it

7  says "paid" it's the Chick Fil A.

8          MR. KELTNER:  Chick Fil A?

9          MS. BEERS:  Oh.

10          MR. BEERS:  -- is HVAC.

11          MR. KELTNER:  Retention still due.  But some of it

12  was paid?

13          MR. BEERS:  Yes.

14          MS. BEERS:  I don't see (inaudible).  Orange Theory

15  (inaudible), School of Mines.

16          MR. KELTNER:  So the -- I'm just going to keep going

17  down the list.

18          MR. BEERS:  Okay.

19          MR. KELTNER:  It's -- I'm just trying to figure out

20  how much of the A/R is still outstanding and how much of these

21  have actually been paid.

22          MR. BEERS:  Okay.

23          MR. KELTNER:  Springs Church, Colorado Springs.

24          MR. BEERS:  That's paid.

25          MR. KELTNER:  Paid?  VA Hospital --

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                                        11

1              MR. BEERS:  That's paid.

2              MR. KELTNER:  -- Colorado Springs?  Bible School

3    with a park.

4              MR. BEERS:  Charez (phonetic).

5              MR. KELTNER:  Oh, is that the same thing as Charez?

6              MR. BEERS:  Yeah.

7              MR. KELTNER:  Okay.  Are those -- are there still

8    A/R's outstanding for those two?

9              MR. BEERS:  That (inaudible).

10             MS. BEERS:  It took us a year-and-a-half to get the

11   retention, but I think that --

12             MR. BEERS:  (Inaudible).

13             MS. BEERS:  -- was paid.

14             MR. BEERS:  It was paid.

15             MR. KELTNER:  Paid.  So there was a job listed as

16   Harrison in Colorado Springs.  Does that ring a bell?  That's

17   all that's listed on the invoice.

18             MS. BEERS:  Is that the Harrison School?

19             MR. KELTNER:  Harrison School?  Is that --

20             MS. BEERS:  That was a question to him.  I'm just --

21             MR. BEERS:  Yeah, (inaudible).

22             MS. BEERS:  (Inaudible).

23             MR. COHEN:  Are you getting towards the bottom of

24   your page there, or do you have -- how much  more do you have

25   to go?

VERBATIM DIGITAL REPORTING, LLC ♦ (303) 915-1677

**EXHIBIT A**

In Re Stephen Joseph Beers and Cynthia lee Beers                    12

1          MR. KELTNER:  I've just got a page-and-a-half.
2  Basically, you know, I'm trying to figure out if there are
3  assets still in the company.  If they're not, what happened to
4  the money that you guys got from -- from these projects?
5          MR. BEERS:  It's ongoing.
6          MR. KELTNER:  Ongoing?
7          MR. BEERS:  (Inaudible).
8          MR. KELTNER:  What about the money that was paid?
9  Were those assets diverted to other projects?  I mean --
10         MR. BEERS:  Oh, yeah.
11         MR. KELTNER:  -- did they pay --
12         MR. BEERS:  Went into a general fund.
13         MR. KELTNER:  Okay.  But you do have Quickbooks
14  records for these?
15         MR. BEERS:  Yes.
16         MR. KELTNER:  Okay.  I just -- I'm going to go
17  through real quick.  You know, if you don't -- just -- Trout
18  Creek Road, 5849, does that project ring a bell and were you
19  paid for that project?
20         MR. BEERS:  No.
21         MR. KELTNER:  Okay.
22         MR. BEERS:  Actually, that's also -- Trout Creek is
23  (inaudible).  That is also the Bible School.
24         MR. KELTNER:  Okay.  The large -- let's see,
25  Shriever Air Force Base in Colorado Springs?

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    13

1            MR. BEERS:  We've done many work -- many jobs out
2    there.

3            MR. KELTNER:  Were you paid anything on those
4    projects?

5            MR. BEERS:  Yes.

6            MR. KELTNER:  Okay.

7            MR. BEERS:  Some, yeah.

8            MR. KELTNER:  The two --

9            MR. COHEN:  Well, why don't you find a few more that
10   are good.

11           MR. KELTNER:  Okay.

12           MR. COHEN:  You know, I'm not going to have too much
13   time to go through all of those.

14           MR. KELTNER:  All right.

15           MR. COHEN:  That you have questions about.

16           MR. KELTNER:  I'll just go through the -- the larger
17   ones.

18           MR. COHEN:  Okay.

19           MR. KELTNER:  So the (indecipherable) Hanger in Fort
20   Carson?

21           MR. BEERS:  That is paid.

22           MR. KELTNER:  Paid?  Lockheed Building -- Lockheed
23   Martin Building Two, Colorado Springs?

24           MR. BEERS:  I don't even remember that project.

25           MR. KELTNER:  Okay.  Let me just go down and find --

VERBATIM DIGITAL REPORTING, LLC ♦ (303) 915-1677

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    14

1          MR. BEERS:  I don't know.  I don't remember Fort
2    Carson.
3          MR. KELTNER:  Did you do a project for Centura
4    Health, Colorado Springs?
5          MR. BEERS:  No, we did not get paid on that.
6          MR. KELTNER:  And then how about the PAFB Building
7    in Colorado Springs?  I believe that might have also been
8    Peterson Air Force Building.
9          MR. BEERS:  Yes.
10          MR. KELTNER:  Okay.  Paid.  And the last one,
11    Phantom Canyon Brewery.  Do you remember that project?
12          MR. BEERS:  No.
13          MR. KELTNER:  It's the very last one.  Benjamin
14    Franklin Elementary; do you remember if you got paid by the
15    school district on that one?
16          MR. BEERS:  I don't even remember that one either.
17          MR. KELTNER:  Okay.
18          MS. BEERS:  If we can get a copy of your -- your
19    sheet --
20          MR. KELTNER:  Yeah.
21          MS. BEERS:  -- then I can get in touch with you --
22          MR. KELTNER:  I've got a copy of it right here.
23          MS. BEERS:  -- to verify once I get back to the
24    house.
25          MR. COHEN:  While he's looking through that, you

VERBATIM DIGITAL REPORTING, LLC ♦ (303) 915-1677

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                                     15

1   said there's still some A/R on this company.

2               MR. BEERS:  Um-hum.

3               MS. BEERS:  That's correct.

4               MR. COHEN:  Where's that money going to go when you

5   get paid?

6               MR. BEERS:  We're not going to get paid.  They've

7   already told them, you know, the customers are refusing to

8   pay.

9               MR. COHEN:  So you think it's uncollectible?

10              MR. BEERS:  Yes.

11              MR. COHEN:  Why are they refusing to pay?

12              MR. BEERS:  Because I shut down the business.

13              MR. COHEN:  Because -- I'm sorry?

14              MR. BEERS:  They're basically saying I shut down the

15  business and they're --

16              MR. COHEN:  So it's not --

17              MR. BEERS:  -- basically saying that expenses is a

18  wash.

19              MR. COHEN:  I don't understand.

20              MR. BEERS:  The expenses to find other contractors,

21  because some of them weren't done and some (inaudible).

22              MS. BEERS:  (Inaudible).

23              MR. COHEN:  I see.  Okay.

24              MR. BEERS:  Yeah.

25              MR. COHEN:  Okay.

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    16

1          MR. KELTNER:  So the business has been dissolved?

2          MR. BEERS:  That's what --

3          MS. BEERS:  Yes.

4          MR. BEERS:  -- my CPA told me, or accountant told me

5     two weeks ago.

6          MR. KELTNER:  And you didn't transfer any assets to

7     anybody else?

8          MR. BEERS:  No.

9          MR. KELTNER:  Any rights to collection?

10         MR. BEERS:  No.

11         MR. KELTNER:  Okay.  So you have been paid for a

12    number of these projects and those funds were used for other

13    company purposes?

14         MR. BEERS:  Department other -- yeah, well --

15         MS. BEERS:  Either pay --

16         MR. BEERS:  -- fund other jobs.

17         MS. BEERS:  -- either pay vendor invoices, material

18    invoices and/or taxes, payroll, etcetera.

19         MR. KELTNER:  Okay.  Thank you.  That's all I've

20    got.

21         MR. COHEN:  Um-hum.  Get me the information I

22    requested and I have no further questions at this point in

23    time.  Do either of you owe a domestic support obligation?

24         MS. BEERS:  I'm sorry, the question?

25         MR. COHEN:  Do either of you owe a domestic support

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    17

1  obligation?

2          MS. BEERS:  No.

3          MR. COHEN:  Okay.  Thank you both.  Have a nice day.

4          MR. BEERS:  Thank you.

5          MS. BEERS:  Thanks.

6          MR. COHEN:  Thank you, Mr. Keltner, for being

7  patient and waiting.

8          MR. KELTNER:  Thank you.

9          MS. BEERS:  Can I get the spelling of your name,

10  sir?

11          MR. KELTNER:  Sure.  Keltner, K-e-l-t-n-e-r.

12          MS. BEERS:  And how I can reach you?

13              (Proceeding was concluded.)

14                  *   *   *   *   *

15

16

17

18

19

20

21

22

23

24

25

**EXHIBIT A**

*In Re Stephen Joseph Beers and Cynthia lee Beers*                    18

## CERTIFICATE

I certify that the foregoing is a correct transcript from the electronically recorded 341 Meeting of Creditors, held on August 10, 2015, in the above-entitled matter.

October 1, 2015                    /s/ Julie Lord
_____
                                   Julie Lord
                                   Verbatim Digital Reporting, LLC
                                   3317 W. Layton Ave.
                                   Englewood, CO 80110
                                   (303) 915-1677

**EXHIBIT A**

**EXHIBIT B - LIST OF PROPERTIES IN COLORADO TO WHICH PLAINTIFF MACARTHUR CO. SUPPLIED MATERIALS AT THE REQUEST OF BEERS INSULATION, INC. AND DEFENDANTS STEPHEN AND CYNTHIA BEERS**

| JOB DESCRIPTION / ADDRESS | INVOICE DATE | INVOICE # | AMOUNT |
|---|---|---|---|
| Big Sandy Project, Colorado Springs | 7/31/2013 | 263490 | $ 77.61 |
| St. Thomas More Hospital, Canon City | 7/31/2013 | 263497 | $ 341.88 |
| Chick Filet, Colorado Springs | 7/31/2013 | 264576 | $ 402.22 |
| Springs Church, Colorado Springs | 8/16/2013 | 270194 | $ 436.98 |
| Bible School, Woodland Park, CO | 6/27/2013 | 273895 | $ 276.65 |
| Harrison Project, Colorado Springs, CO | 8/27/2013 | 273897 | $ 447.98 |
| Harrison Project, Colorado Springs, CO | 8/27/2013 | 273900 | $ 843.38 |
| Charis Bible College, Woodland Park, CO | 8/28/2013 | 274795 | $ 3,467.02 |
| 5849 Trout Creek Rd, Woodland Park, CO | 8/28/2013 | 274796 | $ 1,694.08 |
| 5030 Centennial, Colorado Springs, CO | 8/28/2013 | 274803 | $ 711.39 |
| Lockheed Martin Bldg. 2, Colorado Springs, CO | 10/15/2013 | 292535 | $ 410.85 |
| 102 S Tejon, Colorado Springs, CO | 10/15/2013 | 292544 | $ 389.28 |
| 210 S. 20th Street, Colorado Springs, CO | 10/17/2013 | 293625 | $ 438.20 |
| 102 S Tejon, Colorado Springs, CO | 10/17/2013 | 293627 | $ 324.70 |
| 308 E Pikes Peak, Colorado Springs, CO | 10/21/2013 | 293628 | $ 538.72 |
| St. Thomas More Hospital, Canon City, CO | 10/17/2013 | 293632 | $ 454.16 |
| 5849 Trout Creek Rd, Woodland Park, CO | 10/17/2013 | 293634 | $ 2,638.10 |
| 5849 Trout Creek Rd, Woodland Park, CO | 10/17/2013 | 293635 | $ 726.11 |
| 308 E Pikes Peak, Colorado Springs, CO | 10/21/2013 | 294739 | $ 1,959.25 |
| 5675 Academy Blvd., Colorado Springs, CO | 10/21/2013 | 294744 | $ 359.14 |
| 5849 Trout Creek Rd, Woodland Park, CO | 10/25/2013 | 296756 | $ 372.27 |

| | | | | |
|---|---|---|---|---|
| 5849 Trout Creek Rd, Woodland Park, CO | 10/25/2013 | 296758 | $ | 718.27 |
| 5849 Trout Creek Rd, Woodland Park, CO | 10/26/2013 | 297186 | $ | 7.70 |
| St. Thomas More Hospital, Canon City, CO | 10/26/2013 | 297187 | $ | 19.31 |
| 5849 Trout Creek Rd, Woodland Park, CO | 10/26/2013 | 297188 | $ | 1,325.81 |
| Century Link Project, Colorado Springs, CO | 10/26/2013 | 297189 | $ | 359.14 |
| 210 S 20th Street, Colorado Springs, CO | 10/26/2013 | 297190 | $ | 643.73 |
| Centura Health Neighborhood, Colorado Springs, CO | 10/26/2013 | 297194 | $ | 400.30 |
| 5675 S. Academy Blvd., Colorado Springs, CO | 10/30/2013 | 298050 | $ | 681.85 |
| 5849 Trout Creek Rd, Woodland Park, CO | 10/31/2013 | 300121 | $ | 126.12 |
| 2350 Airport Rd, Colorado Springs | 11/06/2013 | 301520 | $ | 53.50 |
| 5849 Trout Creek Rd, Woodland Park, CO | 11/06/2013 | 301523 | $ | 37.10 |
| Centura Health Clinic, Colorado Springs, CO | 11/11/2013 | 302416 | $ | 294.21 |
| 210 S. 20th Street, Colorado Springs, CO | 11/11/2013 | 302417 | $ | 144.59 |
| Sloanes Lake Med Center, Colorado Springs, CO | 11/11/2013 | 302418 | $ | 292.83 |
| 308 Pikes Peak, Colorado Springs, CO | 11/11/2013 | 302420 | $ | 181.66 |
| 5849 Trout Creek Rd, Woodland Park, CO | 11/11/2013 | 302537 | $ | 987.85 |
| Benjamin Franklin Elementary, Colorado Springs, CO | 11/11/2013 | 302539 | $ | 411.17 |
| Centura Health Neighborhood, Colorado Springs, CO | 11/11/2013 | 302540 | $ | 97.74 |
| 210 S. 20th Street, Colorado Springs, CO | 11/11/2013 | 302542 | $ | 55.87 |
| Sloanes Lake Med Center, Colorado Springs, CO | 11/11/2013 | 302547 | $ | 1,123.40 |
| Century Link Project, Colorado Springs, CO | 11/13/2013 | 303645 | $ | 601.21 |
| 308 Pikes Peak, Colorado Springs, CO | 11/19/2013 | 305599 | $ | 575.00 |
| 308 Pikes Peak, Colorado Springs, CO | 11/19/2013 | 305600 | $ | 154.99 |
| 308 Pikes Peak, Colorado Springs, CO | 11/19/2013 | 305831 | $ | 246.43 |
| 2350 Airport Rd, Colorado Springs, CO | 11/19/2013 | 305834 | $ | 55.21 |
| 5849 Trout Creek Rd, Woodland Park, CO | 11/19/2013 | 305835 | $ | 731.88 |
| 308 Pikes Peak, Colorado Springs, CO | 11/21/2013 | 306339 | $ | 100.35 |

| | | | |
|---|---|---|---|
| Clinic Center, Colorado Springs, CO | 11/27/2013 | 308168 | $ 58.81 |
| Phantom Canyon Brewery, Colorado Springs, CO | 12/07/2013 | 310743 | $ 271.17 |
| 2350 Airport Rd, Colorado Springs, CO | 12/10/2013 | 311468 | $ 464.92 |
| 308 Pikes Peak, Colorado Springs, CO | 12/10/2013 | 311470 | $ 545.33 |
| 2350 Airport Rd, Colorado Springs, CO | 12/10/2013 | 311471 | $ 192.54 |
| Century Link Project, Colorado Springs, CO | 12/10/2013 | 311472 | $ 151.99 |
| 2350 Airport Rd, Colorado Springs, CO | 12/10/2013 | 311474 | $ 384.12 |
| 5849 Trout Creek Rd, Woodland Park, CO | 12/11/2013 | 311712 | $ 1,583.87 |

**TOTAL  $31,389.94**